UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY B. MERRITT,

        Plaintiff,

vs.                                              Case No. 3:13-cv-868-J-39PDB

LT. L. NORRIS, et al.,

        Defendants.

**ORDER**

**I.  Status**

Plaintiff Larry B. Merritt is proceeding on a Second Amended Complaint (Second Amended Complaint) (Doc. 71) pursuant to 42 U.S.C. § 1983.  This cause is before the Court on Defendant, Nurse T. Diakis' Motion to Dismiss Amended Civil Rights Complaint for Failure to State a Cause of Action (Diakis' Motion to Dismiss) (Doc. 75) and Defendant Crews' Motion to Dismiss (Crews' Motion to Dismiss) (Doc. 77).  Plaintiff responded to Crews' Motion to Dismiss.  See Plaintiff's Motion of Opposition (Response) (Doc. 81); Order (Doc. 43).

**II.  The Second Amended Complaint**

In the Second Amended Complaint, Plaintiff names T. Diakis (Nurse), individually; and Michael D. Crews (Secretary, Florida Department of Corrections (FDOC), individually and officially. Second Amended Complaint at 30.  The following claims are raised against these Defendants:  (1) 42 U.S.C. § 1983: deliberate

indifference to a serious medical need (Defendant Nurse Diakis); (2) 42 U.S.C. § 1983: deliberate indifference/failure to protect (Defendant Crews). Second Amended Complaint at 15-16.

In the Second Amended Complaint, Plaintiff alleges the following facts, in pertinent part. On March 30, 2012, at the Reception and Medical Center (RMC), corrections officers chemically sprayed Plaintiff. On April 5, 2012, corrections officers assaulted and beat Plaintiff. As a result of the beating, Plaintiff suffered broken ribs; abrasions to his head, chest, and stomach; and had obvious swelling and severe pain.

Staff refused to send Plaintiff to receive medical care. The next day, April 6, 2012, a Psychiatrist, Dr. L. Iskander, and a Senior Psych-Specialist visited Plaintiff and Plaintiff gave them a detailed description of the beating. Dr. Iskander referred Plaintiff to medical due to his pain and the swelling of his face, head, and left side. Staff escorted Plaintiff to the emergency room. Defendant Nurse Diakis, R.N., took Plaintiff's vital signs and asked Plaintiff to explain his emergency. Plaintiff explained and described his pain and suffering. Nurse Diakis responded that it did not look like anything was wrong with him.

During the medical visit, Plaintiff was fully restrained and unable to point to parts of his body. He limited his movement and talking due to pain. Plaintiff requested to see a physician or another nurse to get a second opinion on Nurse Diakis' assessment.

Nurse Diakis denied his request without conducting a physical examination of Plaintiff.

Plaintiff was transferred to Santa Rosa Correctional Institution (SRCI). At SRCI, Plaintiff complained that he was suffering pain on his left side. Nurse Szalai saw Plaintiff and ordered x-rays of Plaintiff's torso and left side. The x-rays were taken on April 18, 2012, and returned on April 19, 2012. They revealed three broken ribs on Plaintiff's left side.

Plaintiff states that Defendant Crews reviewed Plaintiff complaints and failed to protect him from ongoing abuse by corrections staff. Plaintiff states that Defendant Crews had knowledge of serious beatings and assaults being administered by staff under his supervision. Plaintiff alleges that he will continue to be targeted by staff and suffer irreparable injury if he is returned to RMC. He fears that he will be subjected to beatings and chemical spraying if he is not provided with injunctive relief.

Plaintiff seeks nominal damages against both Defendants. Second Amended complaint at 11. He also seeks compensatory and punitive damages against both Defendants. Id. at 28. Finally, he seeks injunctive and declaratory relief against Defendant Crews. Id. at 28-29.

Attached to the Second Amended Complaint is the Affidavit of Larry B. Merritt. Second Amended Complaint at 31-33. Plaintiff

states that when he finally received an x-ray and a diagnosis that he had suffered fractured ribs on his left side, Nurse Szalai prescribed pain medication and instructed Plaintiff to not make any sudden movements.  Id. at 32.  He asserts this happened, "after repeated requests to Nurse T. Diakis who refused me adequate medical care and treatment and refused me to be seen by a medical doctor."  Id.  Plaintiff states that Defendants Crews failed to investigate or reprimand his officers for their unnecessary uses of force.  Id.

### III.  Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

### A. Nurse T. Diakis

The Eleventh Circuit discussed the underlying requirements in presenting a claim of deliberate indifference to a serious medical need:

> Section 1983 provides a remedy for the deprivation of federal civil rights by a person acting under color of state law. See 42 U.S.C. § 1983. Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment rather than by the Eighth Amendment. Andujar v. Rodriquez, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007). However, pretrial detainees are afforded the same protection as prisoners, and cases analyzing deliberate indifference claims of pretrial detainees and prisoners can be used interchangeably. See id. To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009).
>
> A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks omitted). Establishing deliberate indifference to that serious medical need requires the plaintiff to demonstrate: (1) subjective knowledge that serious harm is possible; (2) disregard of that risk; and (3) conduct that is more than mere negligence. Brown v. Johnson, 387 F.3d

> 1344, 1351 (11th Cir. 2004). Conduct that is more than mere negligence may include: (1) knowledge of a serious medical need and a failure or refusal to provide care; (2) delaying treatment; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). A simple difference in medical opinion between the medical staff and an inmate as to the latter's diagnosis or course of treatment does not establish deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). "A § 1983 plaintiff may demonstrate causation either by establishing that the named defendant was personally involved in the acts that resulted in the constitutional deprivation, or by showing that the defendant instituted a custom or policy that resulted in deliberate indifference to constitutional rights." Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (alteration omitted) (citations omitted) (internal quotation marks omitted).

Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 921-22 (11th Cir. 2014) (per curiam).

Plaintiff claims that Nurse Diakis failed to document his injuries; perform a physical examination; refer him to a doctor; provide an evaluation, diagnosis, care and treatment; and delayed the provision of an evaluation, diagnosis, care and treatment through her actions. Second Amended Complaint at 15. Defendant Nurse Diakis asserts that Plaintiff has failed to adequately allege a claim of deliberate indifference to a serious medical need. Instead, Nurse Diakis suggests, Plaintiff has simply presented a claim of mere negligence. Diakis' Motion to Dismiss at 4.

Upon review of the Second Amended Complaint, Plaintiff has adequately presented an Eighth Amendment claim, alleging the denial of medical care for his serious medical needs in the Second Amended Complaint. Second Amended Complaint at 23-26. Plaintiff claims Nurse Diakis' actions and/or omissions were done with malice and/or deliberate indifference to Plaintiff's serious medical needs. Id. at 15, 25. As a result of these alleged actions or omissions, Plaintiff complains that he was subjected to the unnecessary and wanton infliction of pain. Id.

After Farmer v. Brennan, 511 U.S. 825, 1979 (1994) (holding the official must know of and disregard an excessive risk to an inmate's health or safety, the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must draw that inference), a claim of deliberate indifference requires proof of more than gross negligence. Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (citing Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996)). Plaintiff's allegations amount to more than just a claim of gross negligence. See McElligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (record allows inference that the doctor and the nurse were aware of a substantial risk of harm to an inmate, and although the doctor did not diagnose the inmate's condition as cancer nor did he know that the inmate had cancer, the doctor and the nurse could be found to be "aware of the [inmate's] tremendous

7

pain and illness[.]"). In McElligott, the Court found that a jury could find a doctor and a nurse deliberately indifferent to the inmate's need for further diagnosis of and treatment for severe pain. Id. at 1256-57. Also of import, failure to further diagnose and treat severe pain satisfies the requirement of a serious medical need constitutionally requiring medical attention.

This is not a case where the alleged actions of Nurse Diakis show a good faith effort by medical staff to address Plaintiff's medical needs through multiple examinations, referrals to doctors or specialists, written prescriptions, diagnostic tests, or other medical treatment. Also, the Court is not convinced at this stage of the proceedings, that the alleged denial/delay of treatment was the result of mere negligence. See Bishop v. Pickens Cnty. Jail, 520 F. App'x 899, 901 (11th Cir. 2013) (per curiam) (affirming the dismissal of a civil rights complaint in a case showing errors made in diagnosing or treating a staph infection amounted to nothing more than mere negligence, not sufficient allegations to support a claim for deliberate indifference).

The Court concludes that Defendant Diakis' Motion to Dismiss should be denied. Plaintiff's claim against Defendant Diakis has facial plausibility and will not be dismissed for failure to state a claim under the Eighth Amendment. Thus, Defendant Diakis will be directed to respond to the Second Amended Complaint.

The matters raised in Defendant Diakis' Motion to Dismiss would more properly be raised in a Rule 56 motion with supporting medical records, affidavits, and other relevant documents. Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. When Defendant Diakis files a motion for summary judgment, she is directed to state with particularity the supporting evidentiary basis for granting summary disposition of this case. The Court need not scour the record for evidentiary materials on file; instead, the Court need ensure that the allegedly dispositive motion itself is supported by the appropriate evidentiary materials. Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) (citing One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101-02 (11th Cir. 2004)).

### B. Defendant Michael D. Crews

Defendant Crews states that Plaintiff has failed to adequately allege a failure to protect claim in his Second Amended Complaint. Crews' Motion to Dismiss at 4. Defendant Crews contends that Plaintiff is seeking to invoke the doctrine of respondeat superior. Id. Defendant Crews urges this Court to find that Plaintiff did not adequately "demonstrate that Defendant Crews, though his own actions, acting under color of state law deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Id.

Plaintiff alleges in his Statement of Claim, that Defendant Crews failed to ensure that there was an internal investigation of the excessive uses of force and deprivation of medical care following uses of force. Plaintiff also claims that Defendant Crews failed to protect him from known assailants, as Plaintiff had submitted complaints detailing their malicious and sadistic abusive actions. Plaintiff further states that his complaints, which were reviewed by Defendant Crews, were denied without investigation. Finally, Plaintiff claims that Defendants Crews failed to prevent and/or curb ongoing assaults, excessive uses of physical and chemical force, acts of reprisal and retaliation, and denial of adequate medical care and treatment.

Upon review, in the Second Amended Complaint, Plaintiff alleges that Defendant Crews was aware of the danger to Plaintiff's health and safety because Plaintiff had repeatedly raised, through his written complaints, that corrections officers were retaliating against him by using excessive physical force and he was being deprived of medical care.

First, it is clear that Defendant Crews may not be held liable under a theory of respondeat superior.

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is

> extremely rigorous." Gonzalez,[1] 325 F.3d at 1234 (internal quotation marks and citation omitted). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008) (abrogated on other grounds); see Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998) (finding supervisory liability requires something more than stating a claim of liability under a theory of respondeat superior).

In addressing a claim of failure to protect against a supervisor, and more particularly in this instance, against the Secretary of the FDOC, the Court should inquire as to whether the individual had the ability to prevent or stop a constitutional violation and failed to exercise his authority as a supervisor to prevent or stop the constitutional violation. Keating v. City of Miami, 598 F.3d 753, 765 (11th Cir.), cert. dismissed, Timoney v. Keating, 131 S. Ct. 501 (2010) (finding a supervisor may be liable under a theory of supervisory liability if he has the ability to prevent or discontinue a known constitutional violation and then fails to exercise his authority to stop the constitutional violation). Of course, "[e]ven when an officer is not a participant in the excessive force, he can still be liable if he

---

[1] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

fails to take reasonable steps to protect the victim." Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citation omitted), cert. denied, 133 S.Ct 2802 (2013).

In this civil rights action, Plaintiff is required to allege a causal connection between the actions of Defendant Crews and the alleged constitutional deprivation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). A necessary causal connection can be established if: (1) the supervisor knew about and failed to correct a widespread history of abuse; or (2) the supervisor's custom or policy resulted in a constitutional violation; or (3a) the supervisor directed the subordinate to act unlawfully; or (3b) the supervisor knew that the subordinate would act unlawfully and failed to stop him from acting unlawfully. Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014); Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). But, "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. at 1360-61 (internal quotation marks omitted and citation omitted).

Plaintiff does not allege Defendant Crews personally participated in the alleged use of excessive force, nor does Plaintiff contend that Defendant Crews directed his officers to use force against Plaintiff. Although the Second Amended Complaint is not a model of clarity, it does not appear that Plaintiff is alleging a widespread custom of abuse in the FDOC in an attempt to

12

impose liability upon Defendant Crews.  <u>See</u> Second Amended Complaint at 16.  Indeed, upon review of the Second Amended Complaint, Plaintiff alleges that Defendant Crews knew his officers and medical staff at RMC would act unlawfully and failed to stop them from doing so.  <u>See</u> Response at 3.

At this juncture, the Court is reluctant to find that Plaintiff has failed to state a claim of deliberate indifference/failure to protect against Defendant Crews. Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.

As noted in his Response, Plaintiff clarifies that he is suing Defendant Crews in his official capacity for injunctive relief, and is suing Defendants Crews in his individual capacity for monetary damages.  Response at 2-3.  Thus, Defendant Crews' Motion to Dismiss the official capacity claims against Defendants Crews is **DENIED**.[2]  <u>See</u> Second Amended Complaint at 30.  Plaintiff is not seeking monetary damages against Defendant Crews in his official capacity as Secretary of the FDOC.[2]

---

[2] Although not explained, Defendants Crews asks that Plaintiff's official capacity claims against Defendant Moore be dismissed.  Crews' Motion to Dismiss at 4.  The Motion to Dismiss, however, only addresses the allegations raised against Defendants Crews.  In light of this fact, the Court concludes that the reference to Defendant Moore on page four of the Motion to Dismiss was inadvertent and made in error.

[2] The Court recognizes that Michael D. Crews is no longer the Secretary of the FDOC.  The current Secretary is Julie Jones. Therefore, Julie Jones, the Secretary of the FDOC, is substituted

If Defendant Crews files a motion for summary judgment, he is directed to state with particularity the supporting evidentiary basis for granting summary disposition of this case. And, in response, Plaintiff is expected to attach as exhibits the specific documents which may show that Defendant Crews was aware of the threat to Plaintiff's health and safety, including grievances, institutional appeals, relevant reports of the Inspector General, affidavits, and other materials. Plaintiff should not generally refer to all grievances to support his position. This shotgun approach will not be favorably received at the summary judgment stage of this proceeding.

The Court concludes that Defendant Crews' Motion to Dismiss should be denied. Thus, he will be directed to respond to the Second Amended Complaint.

Therefore, it is now

**ORDERED:**

1. Defendant Diakis' Motion to Dismiss (Doc. 75) and Defendant Crews' Motion to Dismiss (Doc. 77) are **DENIED**.

2. Defendant Diakis, Defendant Crews (in his individual capacity), and Defendant Julie Jones (in her official capacity as

---

as the proper party Defendant for Michael D. Crews, in his official capacity, pursuant to Rule 25(d), Federal Rules of Civil Procedure. Michael D. Crews shall remain as a Defendant in his individual capacity. The **Clerk** shall **add Defendant Julie Jones, Secretary of the FDOC, in her official capacity**. The **Clerk** shall change the docket to reflect that **Michael D. Crews is a Defendant in his individual capacity**.

Secretary of the FDOC) shall respond to the Second Amended Complaint by **April 3, 2015.**

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of February, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 2/17
c:
Larry B. Merritt
Counsel of Record